QUESTION: May a qualified, partially disabled ex-serviceman be granted the limited tax exemption provided for in s. 196.24, F. S., on property rented to others and on which he is not claiming the basic $5,000 homestead exemption?
SUMMARY: A qualified, partially disabled ex-serviceman may be granted the limited tax exemption provided for in s. 196.24, F. S., on property owned by such ex-serviceman but rented to other persons. Your question is answered in the affirmative. Section196.24, F. S., sets forth two requirements for exservicemen to qualify for the particular property tax exemption: 196.24 Evidence of disability of ex-servicemen; exemption. — Any ex-serviceman,[1] a bona fide resident of the state, who has been[2] disabled to a degree of 10 percent or more in war service between [specified] dates . . . shall be entitled to the exemption from taxation provided for in s. 3(b), Art. VII of the Constitution . . . . (Emphasis supplied.) I direct your attention to AGO 072-151 wherein I stated that s. 196.202, F. S., implements s. 3(b), Art. VII, State Const., and that s. 196.24, F. S.: . . . assuming its constitutional validity, permits an exserviceman who is disabled to a degree of 10 percent or more to qualify for the $500 tax exemption provided by the constitution and by s. 196.202 . . . . In AGO 074-325, I stated: Section 196.24 is entitled "Evidence of disability" and purports to implement the same constitutional provisions as does s. 196.202, which restates the minimum five hundred dollar constitutional exemption for certain classes of persons. Article VII, s. 3(b), State Const. Section 196.24
therefore defines an exemption for veterans disabled 10 percent or more during war service, in place of the requirement of total and permanent disability under s. 196.202. (Cf. constitutional issues considered in AGO 069- 132.) Thus, by claiming exemption under s.196.24, a taxpayer would simply qualify, by means of separate standards or tests, for the disability exemption stated in s.196.202. Both ss. 196.24 and 196.202 are derivatives of s. 3(b), Art. VII, supra, and neither are restricted to homesteads or residences of the individual. Based upon the above rationale, this office held in AGO 073-325 that the exemption in s. 196.202 was not limited to homestead property. In that opinion, I concluded: The exemption provided by s. 196.202, F. S. . . . is not limited to homestead property. . . . Persons who qualify for the exemption provided by s. 196.202 . . . may apply this exemption to homestead property or to other taxable property owned by them, including real property which is not contiguous to the homestead. (Emphasis supplied.) Therefore, a qualified, partially disabled ex-serviceman may be granted the limited tax exemption provided for in s. 196.24, F. S., on property owned by him but rented to other persons.